UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL ALLEN LINK, | ) | Civ. 12-68-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO REMAND |
| DEUTSCHE BANK TRUST | ) | |
| COMPANY as Trustee of the | ) | |
| IndyMac INDX Mortgage Loan Trust | ) | |
| 2006-AR8, Mortgage Pass-Through | ) | |
| Certificates, Series 2006-AR8 under | ) | |
| the Pooling and Servicing Agreement | ) | |
| dated May 1, 2006 Officers, | ) | |
| Agencies, Agents, and Counsel, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Darrell Allen Link, filed a pro se "Notice of Removal in the Nature of a Writ of Mandamus 28 U.S.C. § 1441(c)" on May 7, 2012. Defendant Deutsche Bank Trust Company as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR8, Mortgage Pass-Through Certificates, Series 2006-AR8 under the Pooling and Servicing Agreement dated May 1, 2006 Officers, Agencies, Agents, and Counsel (Deutsche Bank) moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative to remand the case to state court pursuant to 28 U.S.C. § 1447(c). Because there are multiple grounds to remand, the court will treat Deutsche Bank's motion as a motion to remand, rather than as a motion to dismiss.

**BACKGROUND**

Deutsche Bank filed an action to foreclose upon a mortgage executed by Link in the Second Judicial Circuit in Lincoln County, South Dakota, on November 15, 2010, under Civ. 10-158. *See* Docket 5-1, Complaint. On January 26, 2011, a warranty deed transferring title to the property secured by the mortgage to Raymond Ehrman was recorded in Lincoln County, South Dakota. Deutsche Bank sought, and was granted, leave to amend its complaint to add Ehrman as a defendant. *See* Docket 5-2, Amended Complaint. Ehrman was served on February 17, 2011, and filed an answer dated June 28, 2011. *See* Docket 5-3, Affidavit of Service, and Docket 5-4, Answer. Despite multiple attempts, Link was not served until July 11, 2011. See Docket 5-5, Affidavit of Service. Link did not file an answer to the complaint. Rather, on August 1, 2011, he filed a document entitled "In Personam and In Rem Final Judgment Against All Public Functionaries and Private Persons," which indicated that a judgment was entered in favor of Link and against Deutsche Bank in Link's fictitious "One Supreme Court." Deutsche Bank moved for summary judgment; neither Link nor Ehrman responded to the motion for summary judgment. Thus, a state court judgment was entered in Deutsche Bank's favor on May 14, 2012. On May 7, 2012, Link filed his notice of removal with this court.

2

## DISCUSSION

Analysis of the propriety of removal requires interpretation of the removal statutes, 28 U.S.C. § 1441 *et seq. See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). The right to remove a case from a state court to a federal court is purely statutory. *See* 14B Charles Alan Wright et. al, *Federal Practice and Procedure* § 3721 (4th ed. 1998). Deutsche Bank concedes that the case could have originally been filed in federal court because of the court's diversity jurisdiction. Deutsche Bank asserts that removal was improper, however, because removal was untimely under § 1446(b)(1) and because Link failed to obtain the consent of the other defendant, Raymond Ehrman, as is required by § 1446(b)(1).[1]

Deutsche Bank first argues that Link's attempt to remove the case is untimely under § 1446(b)(1). Section 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

---

[1] Deutsche Bank also argues that Link's case must be remanded because Link failed to include a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as required by § 1446(a). Deutsche Bank did not cite and the court could not locate any cases holding that a failure to comply with these procedural requirements justified a remand when the federal court would otherwise have subject matter jurisdiction. Link's status as a pro se litigant also requires that this court liberally construe his filings.

3

is based . . . ." Link was served with the summons and amended complaint on July 11, 2011. Docket 5-5. He did not file the notice of removal until May 7, 2012, nearly ten months after being served. Thus, Link's notice of removal is untimely and remand is warranted. *See Neal v. Wilson*, 112 F.3d 351, 354-55 (8th Cir. 1997) (finding that a defendant's notice of removal was untimely "by a factor of months"); *Jeffrey Lake Dev., Inc. v. Central Neb. Pub. Power & Irrigation Dist.*, No. 7:05 CV 5013, 2005 WL 2563043 at *5 (D. Neb. 2005) (finding remand was warranted because a defendant's notice of removal exceeded the § 1446 deadline by five years).

Deutsche Bank also argues that its motion to remand should be granted because Link has not shown that he obtained the consent of the other defendant, Raymond Ehrman. "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." *Marano Enterprises of Kansas v. Z-Teca Restaurants*, 254 F.3d 753, 754 n.2 (8th Cir. 2001). Defendants must address the status of other defendants in the notice of removal. *See Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1049-50 (S.D. Iowa 2001) (stating that it is a "critical allegation" for the defendant to address the status of other defendants in notice of removal). Because Link failed to do so, remand is appropriate. *See City of University City, Missouri v. AT&T Wireless Servs, Inc.*, 229 F. Supp. 2d 927, 930 (E.D. Mo. 2002).

4

Deutsche Bank also seeks its costs and attorneys' fees. Section 1147(c) provides that, upon a finding that removal was improper, the court may order the payment of just costs, including attorneys' fees. The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140. Link is proceeding pro se in this matter.

The Eighth Circuit Court of Appeals has observed that pro se litigants often lack the capacity to recognize the legal merits of their claims. "Pro se [litigants] cannot simply be assumed to have the same ability as a [party] represented by counsel to recognize the objective merit or lack of merit of a claim." *Chester v. St. Louis Hous. Auth.,* 873 F.2d 207, 209 (8th Cir. 1989) (citing *Miller v. Los Angeles Cnty. Bd. of Education,* 827 F.2d 617, 620 (9th Cir. 1987)). In *Chester*, the Eighth Circuit Court of Appeals reversed an award of attorneys' fees against a pro se plaintiff under Title VII. The court noted that under Title VII, a prevailing defendant may be awarded attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation,

5

even though not brought in subjective bad faith." *Id.* at 209 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)). Although the district court found the pro se plaintiff's claim was without merit, the Court of Appeals reversed the award of attorneys' fees in part because the court did not consider the plaintiff's status as a pro se litigant. *Id.*

The same policy considerations apply here. While Link may have lacked an "objectively reasonable basis for seeking removal," he cannot be expected to evaluate the merits of legal contentions as effectively as represented parties. Deutsche Bank has not alleged that Link acted in bad faith in seeking to remove the action or that Link sought to prolong the litigation or impose costs on Deutsche Bank. Finally, other district courts have recognized the importance of a removal petitioner's pro se status in evaluating requests for costs under § 1447(c). *See City of Superior v. Anderson*, No. 5-95-290, 1995 WL 861008 at *2 (D. Minn. Dec. 18, 1995) (finding that the award of costs under § 1447(c) would be imprudent because of defendant's pro se status); *Anderson v. State of Neb.*, 530 F. Supp. 19, 22 (D. Neb. 1981) (same). Thus, the award of costs is not appropriate under § 1447(c) and Deutsche Bank's request is denied. Therefore, it is

ORDERED that Deutsche Bank's motion to remand (Docket 5) is granted pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that Link's motion to proceed in forma pauperis (Docket 3) is granted.

Dated June 29, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE